IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON R. SHEPARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-0018-B-BT |
| | § | |
| JEAN LEE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Sharon R. Shepard has filed a civil action in which she appears to challenge judicial determinations made in Texas state court proceedings. *See generally* Compl. (ECF No. 3). Having reviewed the pleadings and the relevant law, the undersigned recommends that this action be dismissed for lack of subject matter jurisdiction.

**Background**

On May 31, 2023, Sharon R. Shepard filed a lawsuit in Dallas County state court against her ex-husband. *See Sharon Shepard v. John Shepard*, DF-23-07827 (255th Jud. Distr. Ct.). During these proceedings, Judge Jean Lee of the 255th Judicial District Court vacated a protective order against Shepard's ex-husband and ordered Shepard to vacate the property she had previously shared with her ex-husband. *See* Compl. at 5–10. Judge Lee did so after denying multiple motions

1

filed by Shepard seeking her recusal based on purported conflicts of interest, bias, and the appearance of impropriety. *See id.* at 18–27; *see also Shepard v. Shepard*, DF-23-07827.

Shepard filed the instant action on January 3, 2025. She claims that Judge Lee was biased against her and decided the case based on her personal feelings. Compl. at 1. She further states that Judge Lee allowed opposing counsel to lie, dictate how the case would proceed, and otherwise "unduly sway her decision." *Id.* at 1–4. Shepard asks that the Court overturn Judge Lee's orders, award her $200,000 in damages, remove Judge Lee from the bench, and order an investigation into Judge Lee's conduct. *Id.* at 3–5.

## Legal Standards

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of

action." *Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986)*. In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 9 (1983)*.

But even if there is a claim under the Constitution or federal statutes, the Supreme Court has stated that such suits should be dismissed for want of jurisdiction where the alleged claim "is wholly insubstantial or frivolous." *Bell v. Hood, 327 U.S. 678, 682-83 (1946)*. The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp., 835 F.2d 109, 114 (5th Cir. 1988)* (quoting *Williamson v. Tucker, 645 F.2d 404, 416 (5th Cir. 1981)*). "Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is 'patently insubstantial, presenting no federal question suitable for decision.' " *Isom v. United States Dep't of Homeland Sec., 2021 WL 2232052, at \*1-2 (E.D. Tex. Apr. 28, 2021)*, *rec. accepted* 2021 WL 2224345 (E.D. Tex. June 2, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka, 203 F. Supp. 3d 42, 44 (D.D.C. 2016)* (quoting, in turn, *Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)*)). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful allegations." *Vasaturo, 203 F. Supp. 3d at 44*.

3

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.' " *Dos Santos v. Belmere Ltd. P'ship,* 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). " 'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.' " *Id.* (quoting *Stafford v. Mobil Oil Corp., 945 F.2d 803, 805 (5th Cir. 1991)*).

While pleadings by *pro se* plaintiffs are construed liberally, *see*, *e.g.*, *Perez v. United States, 312 F.3d 191, 194–95 (5th Cir. 2002)*; *Mass v. McDonald's Corp., 2004 WL 2624255, at \*2 (N.D. Tex. Nov. 12, 2004)*, the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins., 243 F.3d 912, 916 (5th Cir. 2001)* (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983)* (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass, 2004 WL 2624255, at \*2*. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v.*

4

*Dominguez*, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga*, 871 F.3d at 384 n.4; *see also* *Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

## Analysis

### I.   **Judicial immunity bars Shepard's claims.**

Shepard has named as the sole defendant Texas state judge Jean Lee. However, judges have absolute immunity for actions taken within the scope of their jurisdiction. *Bradley v. NFN Marx*, 2018 WL 2451304, at *1 (N.D. Tex. Feb. 14, 2018) (Rutherford, J.), *rec. adopted*, 2018 WL 2441906 (N.D. Tex. May 31, 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996)). "A judge of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role," *Porter v. Frances*, 2020 WL 7327993, at *2 (N.D. Tex. Nov. 19, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 7323883 (N.D. Tex. Dec. 11, 2020) (citing

*Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983)), even if "the judge is accused of acting maliciously and corruptly." *Sleeman v. Brazoria Cnty.*, 78 F.3d 582, 1996 WL 60605, at \*4 (5th Cir. 1996) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) (internal quotation marks omitted).

In the present case, Judge Lee's actions were judicial in nature. Accordingly, Shepard's claims against Judge Lee are barred by judicial immunity. *See Dade v. Chitty*, 2020 WL 1916476, at \*1 (N.D. Tex. Mar. 23, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 1916505 (Apr. 20, 2020) (concluding that absolute immunity barred Plaintiff from pursuing claims against a state court judge when the judge was acting in his official capacity).

## II.    **The Rooker-Feldman Doctrine also deprives the Court of subject matter jurisdiction.**

The *Rooker-Feldman* doctrine[1] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544

---

1 This doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); those decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 291 (2005).

U.S. at 284. This prevents lower federal courts from reviewing state court error, as such review is best left to the state appellate court. *Smith v. Mortg. Elec. Reg. Sys., Inc.*, 2019 WL 4648263, at \*4 (N.D. Tex. Aug. 30, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 4643678 (N.D. Tex. Sept. 24, 2019) (citing *MAPP Constr., LLC v. M&R Drywall, Inc.*, 294 Fed. App'x 89, 92 (5th Cir. 2008); *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970) (emphasizing that lower federal courts cannot sit in direct review of state court decisions)). Under 28 U.S.C. § 1257, the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by a state's highest court. "[A] party losing in state court is," therefore, "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416).

This jurisdictional bar extends to those cases "in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief." *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. Aug. 7, 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)) (internal quotation marks omitted). "A claim is 'inextricably intertwined' with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have

to void the judgment." *Brown v. Crawford*, 2008 WL 508390, at *3 (N.D. Tex. Feb. 25, 2008) (citing *Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989)*). A party cannot escape this aspect of *Rooker-Feldman* by "casting . . . a complaint in the form of a civil rights action." *Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir. 1994) (citing cases); *Alexander v. Estrada, 2017 WL 7052200, at *1 (N.D. Tex. Jul. 21, 2017)* (holding claim that state court violated plaintiff's constitutional rights is "a text-book example of a case barred by the *Rooker-Feldman* doctrine").

Here, Shepard challenges judicial determinations made by Judge Lee in the underlying state court proceedings. *See generally* Compl. A ruling in Shepard's favor would necessarily require overturning the state court's decisions. Accordingly, her claims should be dismissed without prejudice. *See Boatwright v. Plumley,* 2020 WL 4550418, at *2 (N.D. Tex. Jun. 25, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 4530368 (N.D. Tex. Dec. 14, 2020) (dismissing plaintiff's claims as barred by the *Rooker-Feldman* doctrine where plaintiff challenged a family court judgment)*; Lowe v. Shalan,* 2019 WL 690360, at *2 (N.D. Tex. Jan. 23, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 687875 (N.D. Tex. Feb. 19, 2019) (Lynn, C.J.) (dismissing plaintiff's constitutional claims without prejudice because the *Rooker-Feldman* doctrine divested the court of subject-matter jurisdiction to hear a claim that directly attacked the validity of the existing Justice of the Peace court judgment); *Jordaan, 275 F. Supp. 2d at 789* (finding that the plaintiff's constitutional claims were "nothing more than a thinly veiled attempt to

8

circumvent the state appellate process and to collaterally attack—in the guise of a federal civil rights action—the validity of a state court divorce decree and other related orders").

## Recommendation

For the foregoing reasons, the District Judge should dismiss this action without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**

January 12, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

9